IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LBUBS 2007-C2 ALII DRIVE, LLC, )<br>a Hawaii Limited Liability Company, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANEKONA, LLC, et al., )<br>)<br>Defendants. )<br>_____ ) | Civ. No. 09-00114 SOM-BMK<br><br>ORDER GRANTING RECEIVER'S MOTION FOR INSTRUCTIONS REGARDING DEFENDANT LRG REAL ESTATE LP'S DEMAND FOR PAYMENT OF RENT AND RELATED CHARGES |

ORDER GRANTING RECEIVER'S MOTION FOR INSTRUCTIONS
REGARDING DEFENDANT LRG REAL ESTATE LP'S DEMAND FOR
PAYMENT OF RENT AND RELATED CHARGES

Before the Court is Guido Giacometti's Motion for Instructions Regarding Defendant LRG Real Estate LP's Demand for Payment of Rent and Related Charges. The Court heard this Motion on January 8, 2010. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, Receiver's Motion is GRANTED. The Court instructs Receiver not to pay pre-receivership or post-receivership rent and related charges to LRG Real Estate LP ("LRG").

Although "a receiver need not have prior court approval for every single detail of receivership, a receiver has some duty–given [his] very limited powers–to apply to the court for advice and directions." Hawaii Ventures, LLC v.

Okata, Inc., 114 Haw. 438, 468, 164 P.3d 696, 726 (Haw. 2007).  Where a receiver acts without court authority, he "assumes the risk of liability for costs and expenses incurred."  Id. (citing Interlake Co. v. Von Hake, 697 P.2d 238, 240 (Utah 1985)).  Additionally, this Court's March 20, 2009 order appointing the Receiver specifically authorized Receiver to "apply to this Court for further and other instructions . . . to enable the Receiver to properly perform Receiver's duties."  (Order Granting Plaintiff's Ex Parte Motion For Appointment of a Receiver ("Order Appointing Receiver") at 16-17.)

      LRG is the fee owner of land upon which a portion of the Coconut Grove Shopping Center sits.  By letter dated May 13, 2009, LRG demanded that Receiver pay it ground rent, late charges, and interest related to Anekona LLC's leasehold interest in the Coconut Grove Marketplace, as well as attorneys' fees and costs.  (Ex. C attached to Motion.)  Thereafter, while this case was pending in bankruptcy court, Receiver made payments of post-petition rent to LRG for the quarters commencing July 1, 2009 and October 1, 2009.  After dismissal of the bankruptcy action, LRG renewed its demand for all owed pre- and post-receivership rent, late charges, interest, and attorneys' fees.  (Ex. E attached to Motion.)  Receiver seeks instructions on whether it should pay these amounts to LRG.

In determining whether Receiver should pay the demanded amounts to LRG, this Court begins with the Order Appointing Receiver, which defines the Estate that Receiver maintains. The Estate consists of, among other things, "all of the rights, title and interests of Anekona and LRG" in which "Lender [LBUBS[1]] has a lien or security interest to secure the debt of Defendant Anekona to Lender." (Order Appointing Receiver at 4-7.)

Pursuant to the terms of the Mortgage, LBUBS as Lender,[2] has a security interest in:

> (a) all right, title and interest of Borrower [Anekona] as lessee under . . . the Greenwell Lease;
>
> (b) all right, title, and interest of Fee Owner [LRG], as owner of the fee simple estate of the Greenwell Land;
>
> . . .
>
> (g) all leases and other agreements affecting the use, enjoyment or occupancy of the Land and the Improvements heretofore or hereafter entered into . . . and all rents, additional rents, revenues . . . issues and profits . . . from the Land and the Improvements . . . and all proceeds from the sale or other disposition of the

---

[1] In the Order Appointing Receiver, the "Lender" is defined as LBUBS. (Order at 2.)

[2] As LBUBS notes in its Memorandum, on April 11, 2007, Anekona (as borrower) made, executed and delivered in favor of Lehman Brothers Bank, FSB (as lender) a Promissory Note in the principal sum of $17,200,000.00. (Ex. C attached to Complaint.) As part of the same transaction and to secure repayment of the loan obligations under the Promissory Note, Anekona (as borrower) and LRG (as fee owner) executed the Mortgage. (Ex. D attached to Complaint.) The Mortgage was subsequently assigned to LBUBS. (Ex. E attached to Complaint.)

>       Leases and the right to receive and apply the Rents to the
>       payment of the Debt.

(Ex. 5 attached to LRG Memo.)  Based on the plain language of the Mortgage, LBUBS has a security interest in Anekona's leasehold interest in the property, LRG's fee simple interest in the property, and the ground lease between LRG and Anekona, including rent payable under that lease.  Therefore, the Receiver's Estate consists of LRG's right to collect ground rent and related charges from Anekona under the relevant lease.

Although LRG agrees that one of its rights as fee owner is the "right[] to collect rent from Anekona under its Lease," LRG argues that it did not assign that right to Lender in the Mortgage.  (LRG Memo at 12-13.)  In the Mortgage, Anekona assigned to Lender its right to all rent.  (Ex. 5 attached to LRG Memo at 3.)  Although LRG did not make a similar assignment to Lender in the Mortgage, LRG explicitly granted a security interest to Lender in all of LRG's rights as fee owner, which includes its right to collect rent under the instant lease.  See Comm'r of Internal Revenue v. Moore, 207 F.2d 265, 268 (9th Cir. 1953) (noting that the right to rent grows out of the ownership of the land).  That security interest is clearly part of Receiver's Estate.  (Order Appointing Receiver at 7.)

Based on the Order Appointing Receiver, Receiver was directed to take immediate possession and control of the Estate "to the exclusion of . . . LRG." (Order Appointing Receiver at 7.)  To that end, LRG is "restrained and enjoined"

from interfering with the possession, operation, control and maintenance of the Estate and from demanding, collecting, receiving, or otherwise using any Estate revenue.  (Id. at 15.)  Given that LRG's right to collect rent from Anekona is part of the Estate and that LRG is enjoined from demanding Estate revenue, payment of the pre- and post-receivership rent and related charges demanded by LRG would be improper under the terms of the Mortgage.  The Court therefore INSTRUCTS Receiver not to pay such rent and related charges demanded by LRG.

        DATED:  Honolulu, Hawaii, January 12, 2010.

        IT IS SO ORDERED.



 /S/ Barry M. Kurren  
Barry M. Kurren  
United States Magistrate Judge