IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LBUBS 2007-C2 ALII DRIVE, LLC., a Hawaii Limited Liability Company, | ) ) ) ) | CIV. NO. 09-00114 SOM/BMK |
| Plaintiff, | ) ) ) | ORDER AFFIRMING MAGISTRATE JUDGE ORDER REGARDING PAYMENT OF RENT |
| vs. | ) ) | |
| ANEKONA, LLC, et al., | ) ) | |
| Defendants. | ) ) | |

ORDER AFFIRMING MAGISTRATE JUDGE ORDER REGARDING PAYMENT OF RENT

I.      INTRODUCTION.

This is a foreclosure action arising out of a 2007 loan. On or about April 11, 2007, Anekona, LLC, made and delivered a $17,200,000 note to Lehman Brothers Bank in connection with a loan. This note was secured by a mortgage on Anekona's leasehold interest in the property located at 75-5801 Alii Drive, Kailua-Kona, Hawaii, which appears to be the Coconut Grove Shopping Center. In connection with the loan transaction, the fee-simple owner of that property, LRG Real Estate LP, also granted Lehman Brothers Bank an accommodation mortgage. Lehman Brothers Bank therefore had a secured interest in both the leasehold and fee interests of the property. Lehman Brothers Bank assigned its interests in the note and mortgage to Plaintiff LBUBS 2007-C2 Alii Drive, LLC. When Anekona allegedly defaulted on the loan, LBUBS filed this action.

On March 19, 2009, LBUBS filed an ex parte motion seeking the appointment of a receiver to manage, protect, care, maintain, and preserve the mortgaged property. That motion was granted the following day. See Order Granting Plaintiff's Ex Parte Motion for Appointment of a Receiver (March 20, 2009).

On May 13, 2009, LRG demanded that the receiver pay LRG $66,437.50 as ground rent, late charges, and interest. See Letter from Gilbert D. Butson to Guido Giacometti (May 13, 2009). When LBUBS refused to consent to this payment, the receiver filed a Motion for Instructions Regarding Defendant LRG Real Estate LP's Demand for Payment of Rent and Related Charges (Nov. 24, 2009).

On January 12, 2010, Magistrate Judge Barry M. Kurren granted the receiver's motion, instructing the receiver "not to pay pre-receivership or post-receivership rent and related charges to LRG." See Order Granting Receiver's Motion for Instructions Regarding Defendant LRG Real Estate LP's Demand for Payment of Rent and Related Charges (Jan. 12, 2010).

On January 26, LRG appealed Magistrate Judge Kurren's order. Because Magistrate Judge Kurren did not clearly err in issuing his order, this court affirms the order of January 12, 2010.

II.     STANDARD OF REVIEW.

Under Local Rule 74.1 and 28 U.S.C. § 636(b)(1)(A), a district judge may set aside a Magistrate Judge's order regarding any pretrial matter (except those motions delineated in Local Rule 72.4(a)) only if that order is "clearly erroneous or contrary to law." See also Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991).  The threshold of the "clearly erroneous" test is high.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

II.     ANALYSIS.

LRG did not simply consent to the leasehold mortgage Anekona granted to Lehman Brothers Bank.  Instead, the Magistrate Judge correctly determined that LRG gave Lehman Brothers Bank an accommodation mortgage, granting Lehman Brothers Bank a secured interest in the fee interest in the property.  See Fee and Leasehold Mortgage and Security Agreement (attached as Ex. 6 to Appeal).

3

In relevant part, the Fee and Leasehold Mortgage and Security Agreement states:

> 1.1 <u>PROPERTY MORTGAGED.</u>  Borrower [defined as Anekona] and Fee Owner [defined as LRG] do hereby irrevocably mortgage, grant, bargain, sell, pledge, assign, warrant, transfer and convey to Lender [defined as Lehman Brothers Bank], and grant a security interest to Lender in, the following property, rights, interests and estates now owned, or hereafter acquired by Borrower and/or Fee Owner (collectively, the "Property"): (a) all right, title and interest of Borrower as lessee under each of the Gregory Lease and the Greenwell Lease . . . ; (b) all right, title and interest of Fee Owner, as owner of the fee simple estate of the Greenwell Land; . . . (g) all leases and other agreements affecting the use, enjoyment or occupancy of the Land and the Improvements heretofore or hereafter entered into, . . . including, without limitation, . . . all rents, additional rents, revenues (including, but not limited to, any payments made by tenants under the Leases in connection with the termination of any Lease), . . . and all proceeds from the sale or other disposition of the Leases and the right to receive and apply Rents to the payment of the Debt . . . .

Based on this language, Magistrate Judge Kurren concluded that "LBUBS has a security interest in Anekona's leasehold interest in the property, LRG's fee simple interest in the property, and the ground lease between LRG and Anekona, including rent payable under that lease.  Therefore the Receiver's Estate consists of LRG's right to collect ground rent and related charges from Anekona under the relevant lease."  Order at 4.

LRG's appeal essentially argues that, as the fee-simple owner of the land on which the shopping center sits, it has priority over Anekona's lender when it comes to receiving rental proceeds from Anekona's subtenants--the shop owners.  This court disagrees and rules that Magistrate Judge Kurren did not clearly err in determining that, under the terms of the security agreement, LRG pledged such rent as security for the loan.

As LRG notes, section 1.1(g) gave the lender a secured interest in "all leases and other agreements affecting the use, enjoyment or occupancy of the Land and the Improvements heretofore or hereafter entered into, . . . including, without limitation, . . . all rents."  Because section 1.1(g) does not specifically state that it applies to LRG, LRG argues that it applies only to Anekona.  LRG reasons that section 1.1(g) refers to leases affecting the "Land and the Improvements."  Because it has an interest only in the land, LRG claims that section 1.1(g) is inapplicable to it.  LRG misreads section 1.1(g).  That section applies to both "Land" and "Improvements" pledged as security by both Anekona and LRG.  Section 1.1 expressly states that LRG grants a secured interest to the lender "in the following property," including the property listed in section 1.1(g).

Nor is the court convinced by LRG's argument that, because section 1.2 of the Fee and Leasehold Mortgage and

Security Agreement states that Anekona "hereby and absolutely and unconditionally assigns to Lender's Borrower's right, title and interest in and to all current and future Leases and Rents," the agreement clearly expresses an intent to pledge only Anekona's right to rents, not LRG's.  While section 1.2 expressly grants a security interest in Anekona's right to rent, section 1.1 also grants a security interest in LRG's right to rent.

Based on the plain, unambiguous language of section 1.1 of the security agreement, Magistrate Judge Kurren correctly determined that LRG agreed to grant a secured interest in the rental income of the property.

LRG next argues that, under <u>Hawai`i National Bank v. Cook</u>, 100 Haw. 2, 58 P.3d 60 (2002), LRG has a superior interest in the lease rent.  This court disagrees.  In that case, Bishop Estate, as fee owner, leased property in Kaka`ako, Hawaii. Pohukaina Venture was the lessee of the property by assignment. Hawai`i National Bank had mortgages on the leasehold property. <u>See</u> <u>id.</u> at 3, 58 P.3d at 61.  Unlike LRG, Bishop Estate did not give an accommodation mortgage to the lender.  Rather, it simply consented to the mortgages.  <u>Id.</u>  In connection with foreclosure proceedings brought by the bank, Bishop Estate asked the circuit court to appoint a receiver to collect and pay it rent.  Hawaii's Supreme Court was eventually asked to decide who was entitled to the rent--Bishop Estate as the fee owner of the property or

Hawai`i National Bank as the lender with a secured interest. The Hawaii Supreme Court ruled that, even though its lease did not have an assignment of rents provision, Bishop Estate had an implied interest in the rents. Id. at 9, 58 P.3d at 67. The Hawaii Supreme Court reasoned that this implied interest was akin to an assignment of a security interest, stating that, "Until the lessor takes action to activate the assignment, an intervening creditor with a perfected assignment of rents will be entitled to collect the rents, even though the rents were subject to the lessor's assignment at the time the creditor obtained its assignment." Id. at 10, 58 P.3d at 69. Accordingly, the court ruled that Hawai`i National Bank had an enforceable right to the subtenant rents until Bishop Estate took the necessary action to perfect its interest, and that the circuit court should have granted Bishop Estate's request for appointment of a receiver when Bishop Estate took such action. Id. at 11-12, 58 P.3d at 70-71.

Had LRG not mortgaged its fee interest in the property, giving the lender a secured interest in the rents, then Hawai`i National Bank might have been applicable. However, because LRG granted the lender a secured interest in the rents, Hawai`i National Bank is inapplicable. Moreover, on the current record, even if Hawai`i National Bank applies, LRG has not established that it ever took the necessary action to perfect its interest in

the rents such that it can be said to be in a position similar to Bishop Estate's.

III.     CONCLUSION.

In light of the foregoing, and for the grounds set forth in Magistrate Judge Kurren's well-reasoned January 12, 2010, order, that order is AFFIRMED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 23, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

LBUBS 2007-C2 Alii Drive, LLC. v. Anekona, LLC., et al.; Civil No. 09-00114 SOM/BMK; ORDER AFFIRMING MAGISTRATE JUDGE ORDER REGARDING PAYMENT OF RENT